United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vanessa Cabrera, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20172-Civ-Scola |
| Progressive Behavioral Science, | ) |
| Inc. and Maria Arizmendi, | ) |
| Defendants. | ) |

## Order Denying Motion to Stay Discovery

This matter is before the Court upon the Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss (ECF No. 38). For the reasons explained below, this motion is denied.

This is a case brought by Plaintiff Vanessa Cabrera against her employer, Defendants Progressive Behavioral Science, Inc. and Maria Arizmendi, for violation of the Fair Labor Standards Act. (ECF No. 35.) The Defendants have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), moved for a definite statement under Rule 12(e), and moved to dismiss for failure to join an indispensable party under Rule 12(b)(7). (ECF No. 39.) The Defendants also seeks a stay of discovery pending a ruling on its motion to dismiss. According to the Defendants, Plaintiff's claims will likely be dismissed and discovery, if allowed to proceed, will prove burdensome and expensive. Therefore, no discovery should take place until the Court rules on the motion to dismiss.

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). A stay of discovery pending the determination of a motion to dismiss, however, is the exception rather than the rule. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.) ("A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.").

To evaluate whether there is a strong likelihood "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important – while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.).

Based on the Court's review of the motion to stay and an initial review of the motion to dismiss, the Court will not grant a stay of discovery. Dismissal of the case with prejudice is not a foregone conclusion. The Defendants argue that the Plaintiff's FLSA claims are "frivolous" and a "sham." (ECF No. 38 at 2-3.) These arguments do no more than rehash the Defendants' position, made in their motion to dismiss, that they should prevail. While the Court must take a "preliminary peek" at the motion and the Complaint to see whether the Plaintiff's claims are meritless, *Feldman*, 176 F.R.D. at 652-53, the Court is not required to move the Defendants' motion to dismiss to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot. Such a requirement would be unfair to other parties, as well as to the Court.

Having preliminarily examined the motion to dismiss, the Court cannot say that this case will certainly be dismissed. The Defendants advance several arguments for dismissal, but the Plaintiff also offers several arguments in response. Although this case may end in dismissal, that outcome is not apparent enough after a "preliminary peek" to warrant an across-the-board stay of discovery right now – an outcome that is considered the exception, rather than the rule.

Accordingly, the Court **denies** the Defendants' motion to stay discovery (**ECF No. 38**.)

**Done and ordered** at Miami, Florida, on May 20, 2019.

Robert N. Scola, Jr.
United States District Judge