United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vanessa Cabrera, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20172-Civ-Scola |
| Progressive Behavioral Science, Inc., | ) |
| and Maria Arizmendi, Defendants. | ) |

### Order Denying Motion to Dismiss

Plaintiff Vanessa Cabrera has filed suit seeking relief for unpaid overtime wages from Progressive Behavioral Science, Inc. ("PBS") and Maria Arizmendi (together, "Defendants"). In response, the Defendants submit that Cabrera's complaint should be dismissed for its failure to state a claim under the Fair Labor Standards Act (FLSA). (Def.'s Mot., ECF No. 39.) After careful analysis, the Court disagrees with the Defendants and finds Cabrera has indeed stated a claim for relief under the FLSA. The Court therefore **denies** the Defendants' motion. (**ECF No. 39**.)

**1.    Background**

Cabrera worked for PBS, a behavioral therapy company, where she worked as a board-certified behavioral analyst (BCBA) from October 2013 to mid-May 2017. (Compl. at ¶¶ 6, 34, 48, ECF No. 35.) Cabrera contends that the Defendants misclassified many employees, including herself, as independent contractors, and that the Defendants treat employees and independent contractors essentially the same. (*Id.* at ¶¶ 15, 23–27.) Cabrera regularly worked over forty hours per week for the Defendants. (*Id.* at ¶ 50.) Additionally, Cabrera attended trainings and meetings, and performed other duties relating to her work for the Defendants that she was instructed not to report; the Defendants told Cabrera they would not pay her for unreported time. (*Id.* at ¶¶ 52–53.) Accordingly, Cabrera did not receive overtime pay. (*Id.* at ¶ 54.) The complaint alleges that because the Defendants instructed Cabrera not to report certain hours, the Defendants' knowledge of additional work and subsequent failure to properly compensate Cabrera violates the FLSA. (*Id.* at ¶¶ 54–55.)

The Defendants controlled the manner and scope of Cabrera's employment. The Defendants required compliance with PBC policies and procedures, use of a PBS uniform, e-mail address, and business card, attendance at mandatory unpaid meetings, and provided Cabrera with an

electronic platform through which to perform work. (*Id.* ¶¶ 34–49.) Further, Arizmendi conducted performance evaluations for Cabrera to determine if a raise would occur and conducted updates and reviews on Cabrera's work. (*Id.* at ¶¶ 36, 49.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)).

### 3. Analysis

The FLSA requires an employer to pay its employees "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). *See also* 26 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298. *See also* 26 U.S.C. § 216(b). To be eligible for FLSA overtime, however, "an employee must demonstrate (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2 (S.D. Fla. 2010) (Marra, J.) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). Here, the Court finds that the complaint alleges adequate factual allegations to establish a *prima facie* FLSA case.

With respect to the first element, the statutory definition of an "employer" is broad and encompasses both the employer for whom the employee directly works as well as "any person acting directly or indirectly in the interest of an

employer in relation to an employee." 26 U.S.C. § 203(d). Accordingly, a covered employee may file suit directly against an employer that fails to pay her the statutory wage or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment. *See Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (explaining that a person is derivatively liable if she is intimately involved in the day-to-day operations of an employer that would be directly liable under the FLSA)). Here, Cabrera pleads that the Defendants controlled the manner and scope of her employment in many respects. (ECF No. 35 at ¶¶ 34–49.) Accordingly, Cabrera's factual allegations sufficiently allege that an employment relationship existed between the Defendants and Cabrera.

The second element, that the employer engaged in interstate commerce, may be met in one of two ways:

> First, an employee may claim "individual coverage" if he regularly and directly participates in actual movement of things or persons in interstate commerce. Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually.

*Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (Scola, J.). Here, Cabrera properly asserts enterprise coverage. Cabrera alleges that the Defendants engaged in interstate commerce by way of global remote therapy services and regular handling of goods and materials purchased outside of Florida and goods that traveled through interstate commerce. (ECF No. 35 at ¶¶ 8–12.) The complaint also alleges that PBS's gross annual revenue exceeded $500,000. (*Id.* at ¶ 10.) The Defendants dedicate one sentence to denying Cabrera's enterprise coverage allegations but provide no support for their position. (ECF No. 39 at 9 (Cabrera "fails to allege sufficient facts to establish that Defendants are subject to the requirements of the FLSA through enterprise coverage.").) "[T]o properly allege individual or enterprise coverage, [an FLSA plaintiff] need not do much. Aside from stating the nature of [her] work and the nature of [her employer's] business, [she] must provide only straightforward allegations connecting that work to interstate

commerce." *Ceant*, 874 F. Supp. 2d at 1378. Accordingly, the Court finds that Cabrera has sufficiently alleged enterprise coverage.

The crux of the Defendants' motion to dismiss is centered on the third element: Cabrera's failure to plead a precise number of hours worked and applicable pay rates. (ECF No. 39 at 9.) The Defendants ask the Court to take judicial notice of invoices attached to their motion to dismiss indicating Cabrera's hours worked for PBS. (*Id.* at 5.) The Defendants emphasize that Cabrera seldom worked a 40-hour week. (*Id.* at 9.) Conversely, Cabrera alleges that she worked over 40 hours at times and did not report excess hours worked due to the Defendants' instruction. (ECF No. 35 at ¶¶ 52–53.) At the motion to dismiss stage, allegations that an employer "fail[ed] to provide overtime compensation, or to keep appropriate records under FLSA does not require more." *Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 764 (11th Cir. 2008); *Anish*, 2010 WL 4065433 at *2 (denying the defendants' motion to dismiss because the complaint's allegation "that Plaintiff worked more than forty hours per week and was not compensated overtime pay" established a claim under the FLSA). Because the Court must take the factual allegations in the complaint as true, the Defendants' factual dispute has no merit at the motion to dismiss stage. *Pielage*, 516 F.3d at 1284; *Kahn v. Portfolio Recovery Assoc.*, No.8:10–cv–2399–T–26TGW, 2011 WL 22870, at *1 (M.D. Fla. 2011) (stating that on a motion to dismiss the Court may not resolve factual disputes).

## 4. Conclusion

For the reasons set forth above, the Court **denies** the Defendants' motion (**ECF No. 39**). The Defendants must respond to the complaint on or before **July 30, 2019**.

**Done and ordered** at Miami, Florida, on July 16, 2019.

_____
Robert N. Scola, Jr.
United States District Judge